**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS
(GLP-1 RAS) NON-ARTERITIC ANTERIOR ISCHEMIC
OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION**          MDL No. 3163

**TRANSFER ORDER**

**Before the Panel**:[*]  Defendant Eli Lilly and Company moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, to transfer the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 3094, *In re Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*.  The litigation consists of 21 actions pending in three districts, as listed on Schedules A and B.  The Panel also has been notified of nine related actions.[1]  All responding parties support centralization, but plaintiffs and defendants differ as to the appropriate transferee district.  While plaintiffs unanimously request centralization in the District of New Jersey, defendants Novo Nordisk S/A and Novo Nordisk Inc. support Eli Lilly's request for centralization in the Eastern District of Pennsylvania.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Plaintiffs allege that their use of Eli Lilly's or Novo Nordisk's GLP-1 RA drugs (specifically, Ozempic, Wegovy, Saxenda, and Trulicity) caused them to suffer from non-arteritic anterior ischemic optic neuropathy (NAION).[2]  The actions involve common questions of fact concerning the development, manufacture, testing, regulatory history, promotion, and labeling of the products, as well as their capacity to cause NAION.  Plaintiffs bring substantially identical claims for failure to warn, design defect, and breach of warranties.  Centralization will eliminate the possibility of duplicative discovery and inconsistent pretrial

---

[*]  Judges David C. Norton and Madeline Cox Arleo did not participate in the decision of this matter.

[1]  These and any other related actions are potential tag-alongs.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]  Plaintiff in the *Garcia* action, No. 2:25-cv-04537, listed on Schedule B has amended his complaint to eliminate allegations that he suffers from vision loss and now alleges only gastrointestinal injuries.  The action thus is not appropriate for inclusion in this MDL.

- 2 -

rulings on preemption, expert admissibility, and other issues, and will serve the convenience of the parties and witnesses and conserve party and judicial resources.  All parties agree that centralization is appropriate.

The Eastern District of Pennsylvania is an appropriate transferee district for this litigation. Products liability litigation arising from the same drugs is pending in that district before Judge Karen S. Marston in MDL No. 3094.  Although the injury alleged here is different from the gastrointestinal injuries at issue in MDL No. 3094, there will be substantial overlap between pretrial proceedings in these litigations.  In addition, certain plaintiffs allege that they suffer from both the gastrointestinal injuries at issue in MDL No. 3094 and NAION.[3]  Further, the NAION litigation involves the same defendants and largely the same counsel as MDL No. 3094.  Judge Marston thus is uniquely well-positioned to advance this litigation efficiently.  While the substantial degree of overlap between the litigations makes assignment of this MDL to Judge Marston appropriate, we decline Eli Lilly's suggestion that the NAION litigation be incorporated into MDL No. 3094.  Creation of a separate NAION MDL will allow Judge Marston to determine the appropriate level of coordination between the litigations, make tracking of cases easier, and facilitate orderly docketing in each MDL.  Creating a new MDL also is consistent with our past handling of actions alleging a second injury arising from the same drug involved in a previous MDL.  *See In re Taxotere (Docetaxel) Eye Injury Prods. Liab. Litig.*, 584 F. Supp. 3d 1378, 1379 (J.P.M.L. 2022) (creating new MDL for litigation involving Taxotere-related eye injuries before transferee judge presiding over existing MDL involving permanent hair loss allegedly caused by Taxotere).

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Karen S. Marston for coordinated or consolidated pretrial proceedings.

---

[3] Both such actions—*Ralph* and *Morris*—were direct-filed in the Eastern District of Pennsylvania in MDL No. 3094.

- 3 -

IT IS FURTHER ORDERED that the motion for centralization is denied as to the *Garcia* action, No. 2:25-cv-04537, listed on Schedule B.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball

**IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS
(GLP-1 RAS) NON-ARTERITIC ANTERIOR ISCHEMIC
OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION**     MDL No. 3163

## SCHEDULE A

District of New Jersey

KANE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:24−11384
PENNELL v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−02756
OSTERMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−03500
MALVESTI v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−08018
SHEA v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−08033
SYMONDS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12651
LAMANNA v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12656
MARTIN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12988
BRADDOCK v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14352
BRINSON v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14358
CURTIS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14359
HERSHMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14361
HUMBLE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14363
BURGER v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14604
DOUGLAS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14673
HENLEY v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14720
PROROCK v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14721

Eastern District of Pennsylvania

RALPH v. NOVO NORDISK, INC., ET AL., C.A. No. 2:25−01376
MORRIS v. ELI LILLY AND COMPANY, C.A. No. 2:25−04106

Northern District of Texas

GOLMON v. NOVO NORDISK, INC., C.A. No. 3:24−02368

**IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS
(GLP-1 RAS) NON-ARTERITIC ANTERIOR ISCHEMIC
OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION**　　　MDL No. 3163

## SCHEDULE B

<u>Eastern District of Pennsylvania</u>

GARCIA v. ELI LILLY AND COMPANY, C.A. No. 2:25−04537